Mellick *v.* Mellick.

*For affirmance*—None.

HOWARD MELLICK, appellant,

*v.*

EMMA MELLICK, respondent.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *2 Dick. Ch. Rep. 86.*

*Mr. William H. Morrow* and *Mr. Sylvester C. Smith,* for the appellant.

*Messrs. George M.* and *Jehiel G. Shipman,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

The facts in this case appear to be as follows : That early in the year 1878 the complainant made with Henry H. Mellick, the defendant's father, an engagement of marriage, in consideration

of which Henry H. Mellick agreed to assign to her the bond and mortgage now in suit; that subsequently, on March 18th, 1878, before the marriage took place, the said Henry H. Mellick, with intent to defraud the complainant, assigned the bond and mortgage, together with another bond and mortgage securing payment of $2,000, to the defendant, for the avowed consideration (as expressed on the face of the assignments) of $1 and natural love and affection, but (as now claimed by the defendant) in consideration that the defendant should cancel a debt of $600 due to him from his father, should pay some debts owing by his father amounting to about $700, and should support his father during the rest of his life; that afterwards, on April 6th, 1878, said Henry H. Mellick assigned the bond and mortgage to the complainant (reserving to himself the interest for his life), and they were married, according to their engagement; that the defendant accepted the bonds and mortgages which his father assigned to him, in satisfaction of his father's debt to him, and paid his father's debts to the amount of about $700, without notice of his father's fraudulent 'purpose or of the complainant's claim, but had notice thereof before he had done anything toward supporting his father; and that the complainant, when she married, had no actual notice of the defendant's assignments, although they were duly recorded on the day when they were executed.

Upon these facts the learned vice-chancellor, who heard the cause below, decided that the complainant was entitled to the bond and mortgage in suit, upon the ground that the defendant, so far as he was a *bona fide* purchaser for value, was fully indemnified by the other bond and mortgage for $2,000, which he received on the same consideration and in the same transaction, and that, except for the purpose of indemnity, he could not hold the present bond and mortgage against the complainant, who, by her contract, had acquired a prior equity in them and by her marriage had given valuable consideration for them.

In this conclusion we concur.

But in the course of his opinion the learned vice-chancellor expresses the view that the pre-existing debt to the defendant from his father, which was to be satisfied by the assignment,

cannot be deemed part of the valuable consideration paid or given by the defendant.   This view it is not necessary now either to endorse or to disapprove, for the other bond and mortgage amply indemnified the defendant for this debt, as well as for the payments made by him on account of his father's other debts, before notice of complainant's position.   There are many cases in which a distinction is drawn between the satisfaction of a pre-existing debt and mere security for such a debt, in determining what constitutes valuable consideration, whether under the statute of frauds or upon the general principles of equity ; and, in affirming the decree below, we expressly refrain from passing upon the propriety of this distinction.

*For affirmance*—The Chief-Justice, Depue, Dixon, Knapp, Magie, Reed, Scudder, Van Syckel, Bogert, Brown, Clement, Smith, Whitaker—13.

*For reversal*—None.